# In the United States Court of Federal Claims

AMERICAN TECH SOLUTIONS, LLC,

        Plaintiff,

        v.

THE UNITED STATES,

        Defendant,

        and

KNIGHT FEDERAL SOLUTIONS, INC.,

        Defendant-Intervenor.

No. 25-27C

Filed May 21, 2025

David B. Dempsey, Dempsey Law, PLLC, Vienna, VA, for plaintiff.

Collin T. Mathias, Civil Division, United States Department of Justice, Washington, DC, for defendant.

Joseph M. Goldstein, Shutts & Bowen LLP, Fort Lauderdale, FL, for defendant-intervenor.

## OPINION
**Explaining Dismissal of American Tech's Complaint for Failure to Prosecute**

     The U.S. Army solicited offers for a contract. The Army awarded Knight Federal Solutions the contract. Another bidder, American Tech, brought a post-award bid protest in this court asking the court to void the award of the contract to Knight and award the contract to American Tech instead. Knight intervened.

     After filing its complaint, American Tech moved for entry of a protective order, which the court granted. American Tech struggled to comply with the protective order, publicly filing documents that contained protected material several times. The court repeatedly warned American Tech

of its violations. Then, after further violations, the court issued a show-cause order directing American Tech to comply with the court's rules and requiring American Tech's counsel to show cause for why he should not be sanctioned for earlier failures to comply.

While the show-cause order was pending, American Tech failed—three times—to timely request an extension of time to file its motion for judgment on the administrative record. When it belatedly requested those extensions, American Tech did not seek the defendants' positions, in violation of this court's rules. American Tech's counsel attributed his failures to file to his having to address the problems with complying with the protective order and to computer failures. The court ordered American Tech to file its motion for judgment on the administrative record by March 13, 2025, and stated that no further extensions of the deadline would be granted. American Tech did not file its motion or request an extension of time to file the motion by the deadline. Thus, the court sua sponte dismissed American Tech's complaint without prejudice for failure to prosecute under rule 41(b) of the Rules of the Court of Federal Claims. ECF No. 44. The court stated that a "detailed opinion discussing the court's reasoning will follow." *Id.* This opinion provides the court's reasoning for that dismissal.

## I.    Background

In August 2023, the Army issued a solicitation for information technology services. ECF No. 1-1 at 1. The following month, the Army awarded the contract to Knight based primarily on its lower proposed price for the contract. ECF No. 1-2 at 10. American Tech, an unsuccessful offeror, protested the award at the Government Accountability Office. In February 2024, GAO denied American Tech's protest, determining that the agency's award decision was reasonable and adequately documented. *Matter of American Tech Solutions, LLC*, B-422212.2, 2024 WL 1172575 (Comp. Gen. Feb. 27, 2024). Almost a year later, American Tech filed its complaint here challenging the Army's decision to award the contract to Knight. ECF No. 1 (filed January 8, 2025).

2

Along with its complaint, American Tech moved for entry of the court's standard protective order for bid protest cases. ECF No. 4; *see* Rules of the Court of Federal Claims (RCFC), Appendix of Forms, Form 8. The court entered the protective order. ECF No. 12. The court's rules and the protective order provide a procedure for protecting material and for redacting that protected material when filing documents on the public record. ECF No. 12; RCFC, Appendix C [¶¶4-7, 16-20]. It is the responsibility of the parties admitted under the protective order to ensure that they follow the procedures of the order to protect confidential material. ECF No. 12 at 4 [¶15]; RCFC, Appendix C [¶16(c)]. The protective order explains the process for electronically filing documents under seal, stating that "a document containing protected information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the 'SEALED' documents menu." ECF No. 12 at 3 [¶10]. Parties that breach the protective order are directed to "promptly report the breach to the other parties and immediately take appropriate actions to cure the violation and retrieve any protected information that may have been disclosed." ECF No. 12 at 4 [¶16].

American Tech also filed a proposed redacted complaint (ECF No. 2) and moved to seal its complaint (ECF No. 3). The parties disagreed on the scope of redactions and filed competing briefs on the motion to seal. ECF Nos. 14, 15, 22, and 26. Throughout the briefing on the motion to seal the complaint, American Tech publicly filed four different documents containing protected information, in violation of the protective order. ECF Nos. 15, 17, 20, and 26. American Tech's filings contained protected information obtained from the GAO protest, and its unsealed filings also violated GAO's protective order. *See* ECF No. 22 at 2-3. Each time American Tech improperly filed a document, the court sua sponte sealed the document, but only after seeing it, which was after the document had been publicly available for several hours. The court issued orders

notifying American Tech of its violations twice (ECF Nos. 18, 21) and ordered American Tech to comply with the protective order going forward (ECF No. 18). The court noted that counsel could call the clerk's office for assistance with electronically filing documents under seal. ECF No. 21. Despite the court's orders, American Tech continued to publicly file documents that contained protected information. ECF No. 26.

Following the first four violations of the protective order, the court issued an order directing American Tech to show cause for why it should not be sanctioned for failing to protect confidential information. ECF No. 27. The court warned American Tech that future violations could result in sanctions including fees for the defendants' time to respond to American Tech's violations, fines, and American Tech's counsel's losing ECF privileges. *Id.* at 3-4. American Tech's next filing once again violated the protective order. ECF Nos. 28, 29. In response, the court revoked American Tech's counsel's ECF privileges. ECF No. 30. That sanction imposed additional administrative burdens on the court and its staff, as the court's staff had to receive American Tech's filings, review them for protected material, and then file them on behalf of American Tech. But the sanction was designed to prevent future late-night public filings of protected information.

Despite the court's repeated warnings, in its next filing, American Tech submitted its redacted complaint to the court, and after reviewing the document, the court determined that the document did not comply with the protective order and filed it under seal. ECF No. 32. Following that sixth violation of the protective order, the court had a scheduled hearing on the order to show cause. ECF No. 40 at 3. The court had requested that American Tech's counsel ensure that his client attend that hearing, but American Tech's counsel did not relay the court's request to his client. ECF No. 42. The court therefore rescheduled the hearing for a later date, when American Tech—both counsel and client—could attend. *Id.* at 3-4.

Meanwhile, the parties had proposed competing schedules for briefing motions for judgment on the administrative record. ECF No. 14. But the parties agreed on American Tech's deadline to file its motion for judgment on the administrative record. *Id.* at 1-2. The court entered a schedule, setting the agreed-upon February 26, 2025, deadline for American Tech to file its motion for judgment on the administrative record. ECF No. 16. That deadline passed, and on March 3, American Tech belatedly requested an extension to March 5 to file the motion. ECF No. 34. The court reluctantly granted American Tech's motion, but noted that American Tech had violated the court's rules by requesting an extension after the deadline without showing excusable neglect (*see* RCFC 6(b)(1)(B)) and by not seeking the defendants' positions before filing the motion (*see* RCFC 7.3). ECF No. 36. On March 5, American Tech sought a second extension of time to file its motion, but once again failed to seek the positions of the defendants. ECF No. 37. The court granted American Tech an extension until March 10, noting that American Tech had again failed to seek the government's position in violation of rule 7.3. ECF No. 40 at 1.

That deadline passed, and on March 11, the court held the originally scheduled show-cause hearing. At the hearing, American Tech belatedly requested an extension of time to file its motion, and Knight opposed. *See* ECF No. 42. The court granted American Tech's motion, warning that "[t]his is the final extension for this purpose. The court will dismiss the case for failure to prosecute if American Tech does not file its motion by this deadline." ECF No. 42 at 2. Once more, American Tech did not file its motion, nor did it request an extension of time to file the motion, by the court's deadline, and the court dismissed the case for failure to prosecute. ECF No. 44.

After dismissing the case, the court held the rescheduled hearing on the order to show cause, with both counsel for American Tech and a representative of the client in attendance. ECF No. 47. The court, with the input of the parties, entered a schedule for the parties to address the resolution of the order to show cause and American Tech's pending motion for reconsideration. *Id.* at 5. Before the

court entered the post-hearing schedule, American Tech filed a motion for reconsideration of the court's dismissal order. ECF No. 46.

American Tech continued to violate the court's orders, continuing to miss deadlines and failing to file extension requests. The court set a deadline for American Tech to file a redacted complaint of March 18; American Tech filed a proposed redacted amended complaint on March 19 and did not file a proposed or redacted original complaint. ECF No. 50. The court ordered American Tech to file a declaration by March 18 from its client that no one at American Tech had access to the publicly filed protected material. ECF No. 47 at 4. American Tech filed that declaration on March 21, three days after the deadline. ECF No. 52. The court twice noted that American Tech should consider finding co-counsel familiar with the court's rules and procedures. ECF Nos. 36, 42. American Tech's counsel stated that he had found co-counsel, who would be entering an appearance. ECF No. 47 at 4-5. The court ordered American Tech to have its co-counsel enter an appearance by March 19. *Id*. at 5. An appearance was never filed.

Finally, American Tech moved to withdraw its motion for reconsideration. ECF No. 57. The court granted American Tech's motion to withdraw. ECF No. 59.

## II.    American Tech's multiple missed deadlines and repeated violations of the court's rules and orders warrant dismissal

The court has the authority to impose sanctions for the violation of pre-trial orders, including scheduling orders and protective orders, under RCFC 16(f). *See Pyramid Real Estate Services, LLC v. United States*, 95 Fed. Cl. 613, 617 (2010). The court has discretion to fashion an appropriate sanction that is commensurate with the violation. *See Pryde v. United States*, No. 15-878T, 2017 WL 2290966, at *2 (Fed. Cl. May 25, 2017). A sanction may be designed to deter similar behavior in the future. *Id.*

The court's sanction powers include the authority to dismiss a case for failing to prosecute. RCFC 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962) ("The authority of

a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." RCFC 41(b); *see Claude E. Atkins Enterprises, Inc. v. United States*, 899 F.2d 1180, 1183-84 (Fed. Cir. 1990) (holding that the trial court's dismissal was proper when a party failed to comply with a court order). "A Rule 41(b) dismissal is especially appropriate in cases where the plaintiff 'repeatedly and without valid justification ignore[s] both court-imposed deadlines and court rules.'" *Steeves v. United States*, No. 19-1905, 2022 WL 2869712, at *2 (Fed. Cir. July 21, 2022) (quoting *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986)).

American Tech violated the court's scheduling orders four times before the court dismissed the case, failing to file its motion for judgment on the administrative record. American Tech repeatedly requested extensions after the deadlines, failed to show "excusable neglect" under RCFC 6(b)(1)(B), and failed to seek the defendants' positions as required by RCFC 7.3. *See* ECF Nos. 34, 36, 37, 40, 42. The court noted those failures in reluctantly granting the first three motions. ECF No. 36 at 1; ECF No. 40 at 1; ECF No. 42 at 1. The third time, the court warned that the case would be dismissed if American Tech missed the next deadline. ECF No. 42 at 2. Still, American Tech missed the next deadline and did not even seek an extension of time.

American Tech's counsel noted that the combination of computer failures and his difficulties in addressing the protective order issues caused his failure to timely file his motion for judgment on the administrative record. ECF No. 37 at 2-5. While counsel may at times be overwhelmed by the need to comply with the court's rules on protecting confidential information, or by computer failures, neither excuses the failure to file other documents required by the court's scheduling order or to at least timely seek an extension of time. *See generally Hyatt v. Lee*, No. 03-901, ECF No. 93 at 7 (D.D.C. June

6, 2016) ("The plaintiff claiming work done in other cases should count here is like a student claiming they should be excused for failing to do their English homework because they did their math homework."). Nor is ignorance of the court's rules an excuse. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993). The concern here is exacerbated by American Tech's insistence elsewhere that the case not be delayed by opposing counsel's need to respond to American Tech's filings. ECF No. 15 at 9-10; ECF No. 34 at 3; ECF No. 37 at 4. Rather than seeking extensions of time for all parties, American Tech repeatedly argued that it should be granted an extension, but that the extension should simply cut into the defendants' time to respond. ECF No. 34 at 3-4; ECF No. 37 at 4. While there is a need for expeditious resolution in bid protest cases (28 U.S.C. § 1491(b)(3)), the burden to move expeditiously does not fall only on the defendants.

American Tech's scheduling-order violations warrant dismissal. A single violation of the court's orders after the court puts a party on notice that it faces dismissal justifies dismissal of a case. *Claude*, 899 F.2d at 1183-84*; Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of plaintiffs that failed to meet a final deadline to comply). Dismissal is especially appropriate in cases, such as this one, where the plaintiff repeatedly misses deadlines and violates the court's rules. *Steeves*, 2022 WL 2869712, at *2.

The court does not treat dismissal lightly and views it as a sanction of last resort. *See Griffin & Dickson v. United States*, 16 Cl. Ct. 347, 351 (1989); *Kadin,* 782 F.2d at 176–77. Before dismissing the case, the court put American Tech on notice that no further extensions would be granted and stated, "The court will dismiss the case for failure to prosecute if American Tech does not file its motion by" the final deadline. ECF No. 42. Despite being on notice that it faced dismissal, American Tech missed the final deadline and did not file a motion requesting an extension.

*See Link*, 370 U.S. at 632 (discussing the importance of notice in safeguarding due process). American Tech's behavior demonstrates the "callous disregard for the rules and regulations of the court" for which dismissal is appropriate. *Kadin,* 782 F.2d at 176–77. The sanction is not draconian; dismissal without prejudice does not function as an adjudication on the merits, and American Tech may refile (and in fact already has refiled) its case. *See Jet, Inc. v. Sewage Aeration Systems*, 223 F.3d 1360, 1364 (Fed. Cir. 2000); *see also American Tech Solutions, LLC v. United States*, Case No. 25-685 (Fed. Cl., filed April 23, 2025).

## III.   Conclusion

This court dismissed American Tech's complaint without prejudice for failure to prosecute under RCFC 41(b) (ECF No. 44), and this opinion has given the reasons for that dismissal.

/s/ Molly R. Silfen
MOLLY R. SILFEN
Judge